THE STATE, THOMAS M. BOYER, PROSECUTOR, v. JAMES V. HAY, COLLECTOR OF HOPE.

Where a farm, situate in two townships, in one of which the owner resides, although on a different property, is assessed in both townships, the assessment made by the township in which the owner does not reside, will be set aside as to so much as is actually tilled by the owner. The dwelling-house and garden on that portion of the property, having been leased for a money rent and occupied by a tenant, will, for the purposes of taxation, be held to be a separate property, and the assessment thereon properly made.

*Certiorari* to bring up assessment of taxes.

Argued before Justices VREDENBURGH and DALRIMPLE.

For the prosecutor, *D. A. Depue.*

For the defendant, *J. G. Shipman.*

DALRIMPLE, J.   The prosecutor owns and occupies a farm of eighty-five acres, which is divided by the line between the townships of Hope and Oxford, in the county of Warren. The land is cultivated and improved.   It was formerly part of a larger farm, owned by Anthony B. Robeson, deceased. He resided upon that part of it situated in Hope, until within a few years before his death, during which he resided in the town of Belvidere.   The prosecutor purchased the eighty-five acres in question in the spring of 1865, of the administrator of Robeson.   The prosecutor then and still resides upon a farm situate about one quarter of a mile distant, in Oxford.   The dwelling-house upon the farm, which was occupied by Robe-

son and his tenant, with a garden attached of about one quarter of an acre, was let, in 1865, to a tenant for a money rent—the remainder of the farm was tilled and cultivated by the prosecutor.

It was assessed both in Hope and Oxford, in 1865. The question presented to us is, whether, under the circumstances, the assessment in Hope was legal? By the 6th section of the act of March 3d, 1854, Nix. Dig. 851, 3d ed.,* it is enacted that "every person shall be assessed in the township or ward where he resides when the assessment is made, for all lands then owned by him within said township or ward, either occupied by him or wholly unoccupied; and when the line between two townships or wards divides a farm or lot, the same shall be taxed, if occupied, in the township or ward where the occupant resides." The owner of the farm in question was the occupant of it when the assessment was made. He resided in Oxford. The township line between Oxford and Hope divides the farm. By the section of the statute above referred to, the whole farm was clearly taxable in Oxford, where the owner and occupant resided. We cannot see that it makes any difference that the owner did not reside upon the farm. He did reside in one of the townships in which it lies. It was contended, on the argument, that the mansion-house occupied by Robeson, the former owner, and his tenant, being situate in Hope and actually occupied by a tenant of the prosecutor, in contemplation of law made the residence of the occupant of the farm in Hope, and not in Oxford. In other words, that the occupant of the mansion-house was the occupant of the farm. We cannot see the force of this reasoning, nor upon what legal principle it rests. It was conceded that the actual residence of the prosecutor was in Oxford. The house and garden were let to a tenant, who neither occupied nor worked upon the farm, and was in no way interested in it. His dwelling in what was formerly the mansion-house belonging

---

*Rev., p. 1152, § 65.

to the farm, could in no wise determine who was the occupant of the farm.

Let the assessment be set aside, except as to the house and lot occupied by the tenant, which, for the purposes of taxation, must be considered a separate property. The value of that is proved to be $650, and upon that amount the prosecutor was taxable in Hope.

CITED in *State* v. *Blauvelt, Clerk, &c.*, 5 *Vroom* 261; *State* v. *Inhabitants of North Bergen*, 8 *Vroom* 402.